**Rudolph JOHNSON, Jr., Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 9265.**

District of Columbia Court of Appeals.

Argued Oct. 13, 1976.

Decided May 6, 1977.

---

David Ontell, Washington, D. C., appointed by this court, for appellant. Jane H. Yurow, appointed by this court, was on the brief, for appellant.

Peter E. George, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and William D. Pease, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before FICKLING,* KERN and MACK, Associate Judges.

KERN, Associate Judge:

Appellant was convicted by a jury of murder in the first degree and carrying a pistol without a license. The government presented at trial three eyewitnesses to testify that appellant shot the decedent twice with a pistol; two other witnesses who testified to having heard two pistol shots at the time and place of the shooting; and, other testimony that decedent was not armed prior to this shooting and had no weapons on or near his person after he had been shot. There was other evidence that prior to the shooting appellant had argued with decedent and then returned to initiate actions that resulted in the gunning down of the deceased. Appellant asserted at trial that he had acted only in self-defense to armed and threatening aggression by decedent.

Appellant now urges that his conviction be reversed and a new trial granted as a result of the following occurrences during trial. The defense presented in its case a witness who testified as to appellant's reputation in the community for being a nonviolent person. Defense counsel took this action despite a warning from the prosecutor that the government had witnesses available who would testify to the contrary concerning appellant's reputation. Predictably then, on cross-examination, the prosecutor asked the character witness, a Mr. Barnes, whether he had heard that several years earlier appellant shot a man named "Wilbur" in the leg and then visited him in the hospital and "gave him a bottle of wine and a bullet". The witness answered in the negative and the court, after colloquy with and argument from counsel, ordered a voir dire hearing held out of the presence of the jury to determine whether there was indeed a factual basis to support the prosecutor's question. Three witnesses testified at this hearing that they had heard of the Wilbur shooting and the trial court later instructed the jury as follows:

First, as you recall on Friday, the Court and the jury heard from a Mr. Barnes, who testified in this case, and Mr. Barnes, as you may recall him, was called by Mr. Johnson to testify as to the character of Mr. Johnson with respect to his peacefulness in the community.

Now, once Mr. Johnson tendered that issue, that is the issue of his reputation for peacefulness in the community, counsel for the Government, Mr. Levine, was permitted to ask that witness certain questions concerning whether he had heard of certain incidents that allegedly occurred involving Mr. Johnson.

I will tell the members of the jury, at this time, that you are not to assume, ladies and gentlemen, that the incidents asked about actually took place and you are not to consider them. In fact, you are to put those incidents out of your mind insofar as the defendant is concerned.

---

* Associate Judge Fickling participated at argument but died on March 6, 1977.

Now, the questions referred to were permitted in order to test the standard of information that the character witness, that is, Mr. Barnes, had as to the reputation of Mr. Johnson.

Given the narrowly drawn question asked by the prosecutor of the witness Barnes,[1] the existence of a factual basis for his question,[2] and the court's cautionary instruction following the witness' testimony and in the final charge, we are satisfied there was no prejudical error in allowing cross-examination of appellant's "character" witness. *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Lewis,* 157 U.S.App.D.C. 43, 482 F.2d 632 (1973); *Shimon v. United States,* 122 U.S.App.D.C. 152, 352 F.2d 449 (1965). *See* IIIA J. Wigmore on Evidence § 988 (Chadbourn rev. 1970).

The second assertion of error arises from the fact that the defense did not allow the matter of the "Wilbur" shooting to drop. Rather, in the face of the government warning prior to the time the character witness Barnes had testified and despite the prosecutor's subsequent cross-examination of Barnes whether he had heard of the shooting, defense counsel nevertheless proceeded to ask appellant on direct examination:

Q. Just a moment ago, you heard counsel [the prosecutor] ask this witness, Mr. Barnes, if you shot somebody and then went to the hospital and took a bottle of wine and a bullet to this person; have you ever heard of anything like that?
A. No,—

Although defense counsel's question to appellant was worded as an inquiry into whether he had "heard" of himself shooting "somebody," [3] we deem appellant's negative response to the question amounted to an assertion that he had never shot Wilbur. Indeed, defense counsel later conceded that appellant's denial of the shooting was "in evidence."

The federal court of appeals for the Second Circuit has commented:

[W]here a defendant, in his direct testimony, *falsely states a specific fact* [emphasis added] the prosecution will not be prevented from proving, either through cross-examination or by calling its own witnesses, that he lied *as to that fact* [emphasis in original]. . . . The rationale behind this rule is not difficult to perceive, for even if the issue injected is irrelevant or collateral, a defendant should not be allowed to profit by a gratuitously offered misstatement. [*United States v. Beno,* 324 F.2d 582, 588 (2nd Cir. 1963).]

■ Given the volunteered testimony by appellant on direct examination that he had not shot Wilbur, which was of course not at issue in the trial, we conclude that the court correctly permitted the prosecutor (1) to ask on cross-examination of appellant whether he had in fact shot Wilbur and (2) to present on rebuttal testimony from Wilbur and another contradicting appellant's assertion. *See Walder v. United States,* 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954); *United States v. Bell,* 165 U.S.App.D.C. 146, 506 F.2d 207 (1974). Although the prosecution is not entitled "to explore without restraint at great length *any* specific occurrence which might tend to create an abhorrent image of the defendant," *United States v. Beno,* 324 F.2d at 588 (emphasis in original), the government's impeachment of

---

1. Appellant contends that the prosecutor's question was too broad because it referred *not only* to the shooting *but also* to appellant's visit to the hospital with the bullet and wine for the victim, Wilbur McCannaughy. One of the witnesses testified, however, that she had heard appellant visited Wilbur in the hospital and brought *him* a bullet so that there was a factual basis for the question. In any event, the trial court ultimately decided to direct the jury to disregard that part of the question referring to appellant's visit to the hospital.

2. Defense counsel conceded there was a factual basis for the question.

3. Clearly the form of the question was improper, *United States v. Franklin,* 471 F.2d 1299, 1302 (5th Cir. 1973) since a witness may not be asked to comment on his *own* reputation. *See* 98 C.J.S. *Witnesses* § 515d (1957).

appellant "promised more than enough of a contribution to the cause of truth to outweigh the attendant risks," *United States v. Bell,* 165 U.S.App.D.C. at 154, 506 F.2d at 215. We note that the court limited the scope of the rebuttal testimony and charged the jury at the conclusion of the case that appellant's denial of the Wilbur shooting in his own case and the government's rebuttal contradicting this denial were to be considered only on the issue of credibility and not for the truth of the matter asserted therein. Trial counsel agreed to this instruction.[4]

We conclude under the particular circumstances here that no error occurred and the conviction must be and is

*Affirmed.*

---

4. We note that defense counsel referred to the Wilbur shooting in her closing argument to the jury.